## Reindl v. Miller et al.

*Wilson & Salmon*, for plaintiff.
*George W. Lucas*, for defendants.

SOHN, J., July 18, 1952.—Judgment was entered by confession on April 9, 1951, in favor of Ben Reindl, plaintiff, against Harry Miller and Mrs. Helen Miller, defendants. On petition of defendants, a rule issued May 1, 1951, to show cause why the judgment should not be opened. On May 14, 1951, plaintiff filed an answer to the petition to open judgment.

On May 15, 1952, at the instance of plaintiff, a rule issued, returnable in 15 days, to show cause why depositions should not be taken. On June 23, 1952, at the suggestion of counsel for plaintiff, the rule was made absolute and the cause ordered for argument on petition and rule. Subsequently this matter appeared on the regular argument list.

Pennsylvania Rule of Civil Procedure 209 reads as follows:

"Rule 209. Duty of Petitioner To Proceed After Answer Filed:

"If, after the filing and service of the answer, the moving party does not within fifteen days:

"(a) Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact; or

"(b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule); the respondent may take a rule as of course on the moving party to show cause why he should not proceed as above. If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the respondent may order the cause for argument on petition and answer, in which event all the averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule."

It is apparent from a recital of the action taken by the respective parties, that defendants did not, within 15 days, proceed by rule or agreement to take depositions, nor did they order the cause for argument on petition and answer, as permitted by the rule. Defendants, who are petitioners, did not proceed as required by the rule within 15 days.

The cause was ordered for argument on petition and answer. Under the provisions of the rule, all the averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule. Accepting as true for the purpose of the rule, the averments contained in the answer, we conclude that the judgment should not be opened to permit defendants to defend against the same.

### Order

And now, to wit, July 18, 1952, for the reasons set forth in the foregoing petition, the rule issued May 1, 1951, to show cause why the judgment should not be

548

opened to permit defendants to defend against the judgment, be, and it is hereby discharged, and it is ordered, adjudged and decreed that plaintiff may proceed with the writ of execution.